# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-CR-0172-CVE |
| OSAKWE BANDELE, a/k/a "Gary Sims," a/k/a "Frank Marvin Bowie," a/k/a "Marvin Bowie," | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's Motion for a Continuance (Dkt. # 12). Defendant requests a 30-day continuance of the jury trial currently set for January 17, 2012, and the government does not oppose defendant's motion. See Dkt. # 12 at 1.

On November 8, 2011 the Grand Jury returned an indictment charging defendant with one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defense counsel states that she was retained on December 30, 2011, and needs additional time to review discovery and investigate defendant's prior felony convictions in order to determine whether defendant would be categorized as a career offender.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest

of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In this case, defense counsel states that the parties have exercised due diligence in attempt to obtain supplemental discovery, but such discovery has not yet been received. Dkt. # 12 at 3. Defense counsel states that she was only recently retained as counsel for defendant and has "concerns" regarding whether defendant would be categorized as a career offender. Id. at 1.

Given the circumstances cited by defense counsel, the Court finds that an ends of justice continuance is appropriate. Defense counsel's request for additional time to prepare for trial is reasonable. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Motion for a Continuance (Dkt. # 12) is **granted**. The pretrial set for January 4, 2012 and the jury trial set for January 17, 2012 are **stricken**, and rescheduled as follows:

| | |
|---|---|
| PT/CP/Motions Hearing: | February 6, 2012 at 9:30 a.m. |
| Jury Trial: | February 21, 2012 at 9:15 a.m. |

**IT IS FURTHER ORDERED** that the time between January 17, 2012 and February 21, 2012 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 3rd day of January, 2012.

                                                  CLAIRE V. EAGAN, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT